## INSURANCE CO. OF NORTH AMERICA *et al.* v. WELCH, *State Insurance Com'r.*

No. 7582.   Opinion Filed November 9, 1915.

Rehearing Denied January 4, 1916.

(154 Pac. 55.)

**MANDAMUS—Insurance Agents—Duty to Issue Licenses—Mandamus.**
Under the provisions of chapter 174, Sess. Laws 1915, p. 340, the duty of issuing licenses to insurance agents is imposed upon the State Insurance Board, and mandamus will not be awarded against the Insurance Commissioner directing him to issue such license.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.*

Mandamus by the Insurance Company of North America, a corporation, and others against A. L. Welch, Insurance Commissioner of the State of Oklahoma. Judgment for defendant, and plaintiffs bring error. Affirmed.

*Burwell, Crockett & Johnson,* for plaintiffs in error.

*S. P. Freeling,* Atty. Gen., and *J. H. Miley* and *Smith C. Matson,* Asst. Attys. Gen., for defendant in error.

HARDY, J. This is an action by the plaintiff Insurance Company of North America and certain of its agents for the purpose of compelling A. L. Welch, Insurance Commissioner of the State of Oklahoma, to issue to such agents licenses authorizing them to represent the plaintiff company and issue policies on its behalf. The petition alleged that the plaintiff had been licensed to do business in the State of Oklahoma for the year 1915, and had in all matters and things complied with the laws of the state and with the insurance department thereof, and that certain persons named in its petition and in an exhibit attached thereto had been appointed by it as agents in this state for the year 1915, which list of agents had been filed with the insurance department of the state and with the defendant as Insurance Commissioner; and that the necessary fees had been tendered, setting forth compliance with all of the provisions of the law in reference to the appointment and licensing of agents on behalf of plaintiff and its agents; that it had requested the defendant, as Insurance Commissioner, to issue said licenses, which he had refused to do.

Upon filing the petition an alternative writ of mandamus was issued and served upon the defendant, who, within due time, filed his answer and return, justifying himself under the provisions of House Bill No. 70, con-

tending that under said law, the authority and power to issue licenses to agents of insurance companies was vested in the State Insurance Board, and that defendant had no authority under said law to do so.

At the trial it was admitted that defendant, Welch, had refused to issue the licenses to the agents named, and at the close of the trial judgment was rendered for the defendant. Motion for new trial was filed and overruled, and exceptions saved, and plaintiffs bring error. The determination of this case is controlled by the decision in *Insurance Co. of North America et al. v. Welch, Insurance Commissioner et al.* (No. 7581), *ante,* p. 620, 154 Pac. 48, this day decided.

By the provisions of chapter 174, Sess. Laws 1915, p. 340, the power and duty to license insurance agents is conferred upon the State Insurance Board; and, having determined this act to be a valid exercise of legislative authority, it follows that the defendant as Insurance Commissioner is without authority to issue the licenses demanded by plaintiff, and no duty is imposed upon him to do so, as said licenses should be issued by the State Insurance Board.

The judgment of the trial court refusing the writ of mandamus is therefore affirmed.

All the Justices concur.